# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | | |
|---|---|---|
| Brian J. Turner, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:18cv932 (LMB/MSN) |
| | ) | |
| Harold W. Clarke, | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION

Brian J. Turner, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of drug offenses in the Circuit Court of the City of Alexandria. Before the Court is respondent's Motion to Dismiss the petition [Dkt. No. 7], to which petitioner has filed no response. For the following reasons, the Motion to Dismiss will be granted.

## I. Background

Following a bench trial, Turner was convicted on June 27, 2014, of one count of possession of cocaine with intent to distribute, third or subsequent offense, and one count of possession of more than 250 grams of a substance containing cocaine base with the intent to distribute. He received an active sentence of eighteen (18) years incarceration. Resp. Ex. 1.

A judge of the Virginia Court of Appeals reviewed Turner's petition for a direct appeal and granted the petition with respect to three assignments of error:

> 1.    The trial court erred in finding that the reattachment of a GPS tracker to Turner's vehicle was not a second search, that the warrant permitted the police to remove and reattach the GPS tracer, and that extension of the search may be based on proof not amounting to

probable cause.[1]

2.     The trial court erred in admitting letters in violation of the complete writing and best evidence rules.

3.     The trial court erred in finding sufficient evidence to convict Turner of possessing narcotics found in a safe.

Turner v. Commonwealth, R. No. 1309-14-4 (Va. Ct. App. Feb 20, 2015), slip op. at 1. Turner's

convictions were affirmed in a published opinion entered on October 27, 2015, where the court

summarized its holdings as follow:

> In summary, we hold that the reattachment of the GPS tracking device during the period authorized by the warrant was permissible under both Code § 19.2-56.2 and the Fourth Amendment. Moreover, we hold that because the extension of the warrant pursuant to Code § 19.2-56.2(E) was supported by both probable cause that Turner continued to be engaged in criminal activity and good cause to extend that time period of the warrant for the tracking device, the circuit court did not err in declining to suppress the evidence obtained as a result of the GPS tracking device. We also hold that the circuit court did not err in admitting photographs of mail addressed to Turner into evidence or finding that there was sufficient evidence to support Turner's conviction for possession of the narcotics found in the safe. Accordingly, we affirm the judgment of the circuit court.

Turner v. Commonwealth, 65 Va. App. 312, 777 S.E.2d 569 (2015). The court denied Turner's

subsequent petition for rehearing on November 30, 2015. Resp. Ex. 3. The Supreme Court of

Virginia refused Turner's petition for appeal on October 20, 2016, Turner v. Commonwealth, R.

---

[1]The record reveals that after three confidential informants provided evidence linking Turner to the sale of cocaine in Alexandria, detectives obtained a search warrant permitting the placement of a tracking device on Turner's vehicle. The warrant was issued on March 13, 2013, and allowed tracking for thirty days. When detectives learned that Turner had taken the vehicle to a garage for repair, one went to the garage and removed the tracking device on March 20, 2013. A detective observed the vehicle parked in front of Turner's residence on April 3, 2013, and reinstalled the tracking device, and on April 11, 2013, the circuit court extended the authorized tracking period for an additional thirty days. Turner v. Comm., R. No. 1309-14-4, slip op. at 1-2.

2

No. 160017 (Va. Oct. 20, 2016), and denied his petition for rehearing on February 3, 2017.

Resp. Ex. 4.

On March 22, 2017, Turner filed a petition for a state writ of habeas corpus in the

Supreme Court of Virginia, raising the following claims:

A.   Trial counsel provided ineffective assistance for numerous reasons.[2]

B.   His Fourth Amendment rights were violated because the affidavit submitted in support of the search warrant was deficient.

C.   The reattachment of the GPS tracking device to his vehicle violated the Fourth Amendment.

D.   The search of a closed safe in his home during execution of the search warrant violated the Fourth Amendment.

E.   The evidence was insufficient to sustain the convictions.

Resp. Ex. 5.  The Supreme Court of Virginia dismissed the petition on November 29, 2017.

Turner v. Clarke, R. No. 170738 (Va. Nov. 29, 2017);  Resp. Ex. 6.

Turner then turned to the federal forum and timely filed the instant petition for § 2254

relief on July 16, 2018.[3]  In it, he reiterates the claims that:

1.   The reattachment of the GPS tracking device to his vehicle without a warrant violated the Fourth Amendment.

2.   His Fourth Amendment rights were violated because the affidavit submitted in support of the search warrant by Detective East was deficient.

---

[2]It is unnecessary to enumerate Turner's claims of ineffective assistance because he does not reassert them in this federal proceeding.

[3]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988). Here, Turner placed his petition in the prison mailing system on July 16, 2018 [Dkt. No. 1 at 16], and it was date-stamped as received by the Clerk on July 23, 2018. [Dkt. No. 1 at 1]

3.    The evidence was insufficient to sustain the convictions.[4]

Respondent filed a Motion to Dismiss with a supporting brief and exhibits on August 29, 2018, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). [Dkt. Nos. 7 - 9] Turner has submitted no response. Accordingly, this matter is ripe for disposition.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state courts. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997). Because the three claims Turner makes here were presented to the Supreme Court of Virginia in his state habeas corpus action, they are exhausted.

Nonetheless, Claim 2 of this petition, in which Turner argues that his rights under the Fourth Amendment were violated because the affidavit submitted in support of the search warrant by Detective East was deficient, is procedurally barred from federal consideration. When Turner made the same argument in his state habeas corpus proceeding, the Supreme Court of Virginia rejected it on the following holding:

> In claim (b), petitioner contends Detective East conducted an

---

[4]The claims have been renumbered here for ease of reference.

> unreasonable search and seizure, in violation of the Fourth
> Amendment, by securing a warrant based on uncorroborated and
> vague information from three confidential informants that was not
> included in the warrant application. Petitioner argues that
> allegations that he was involved in selling narcotics failed to
> establish a nexus among him, any illegal drugs, and the residence
> to be searched. Additionally, petitioner asserts East failed to
> observe petitioner committing any criminal activity.
>
> The Court holds claim (b) is barred because these non-
> jurisdictional issues could have been raised at trial and on direct
> appeal and, therefore, are not cognizable in a habeas petition.
> Slayton, 215 Va. at 29, 205 S.E.2d at 682.[5]

Turner v. Clarke, R. No. 170738, slip op. at 6.

On federal habeas corpus review, § 2254(d) mandates that a state court's finding of

procedural default be presumed correct, provided that the state court relied explicitly on

procedural grounds to deny petitioner relief and that the procedural rule relied on is an

independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24

(1991). The Fourth Circuit has consistently held that "the procedural default rule set forth in

Slayton constitutes an adequate and independent state law ground for decision." Mu'min v.

Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that

Slayton barred review of Claim 2 of this petition also precludes federal review of that claim.

A federal court may not review a procedurally barred claim absent a showing of cause

and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed,

489 U.S. 255, 262 (1989). Turner has made no attempt to contest that he has procedurally

defaulted Claim 2 or that the default is excused by a showing of cause and prejudice.

Accordingly, Claim 2 of this petition is procedurally barred from federal review.

---

[5]Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974).

Claim 1 of this federal petition is also barred from federal consideration, for a different reason. In that claim, Turner argues as he did without success on direct appeal that the warrantless reattachment of the GPS tracking device to his vehicle violated the Fourth Amendment. Federal reconsideration of this contention is foreclosed by the doctrine announced in Stone v. Powell, 428 U.S. 465, 494 (1976), where the Supreme Court held that when a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Pursuant to Stone, a federal court may not re-examine a state court's determination that no Fourth Amendment violation occurred, or that a Fourth Amendment violation did occur but was harmless, unless it determines that the state did not provide the petitioner an opportunity for full and fair litigation of the claim. Hughes v. Dretke, 412 F.3d 582 (5th Cir. 2005), cert. denied, 546 U.S. 1177 (2006). Thus, as the Fourth Circuit has observed, "Stone ... marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in the state court." Grimsley v. Dodson, 696 F.2d 303 (4th Cir. 1982).

In this case, it is readily apparent based on the record discussed above that Turner was afforded a full and fair opportunity by the Commonwealth of Virginia to litigate his contention that his Fourth Amendment rights were violated by the reattachment of the GPS device to his vehicle. Accordingly, pursuant to Stone, that question may not be revisited here.[6]

---

[6]Respondent notes that the Supreme Court of Virginia deemed this claim to be procedurally barred in Turner's state habeas corpus proceeding by the holding in Henry v. Warden, 25 Va. 246, 576 S.E.2d 495, 496 (2003) that "a non-jurisdictional issue raised and decided either in the trial [court] or on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding." That determination created no impediment to federal consideration of the claim. See

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the law] incorrectly." Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). Thus, "[t]he question under the AEDPA is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Mandrigan, 550 U.S. 465, 673 (2007). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond

Crews v. Johnson, 702 F.Supp.2d 618, 624 n. 6 (W.D.Va. 2010) ("In the Fourth Circuit, however, the procedural bar of Henry v. Warden is not an adequate and independent state ground that precludes federal habeas review of Petitioner's claims."), aff'd sub nom. Crews v. Clarke, 457 F. App'x 277 (4th Cir. 2011); Bell v. True, 413 F.Supp.2d 657 (W.D.Va. 2006) ("However, where the petitioner's claim concerns a federal constitutional issue, the rule set forth in Henry does not prevent federal habeas review of the claim.").

any possibility for fairminded disagreement." <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011).

"If this standard is difficult to meet - and it is - 'that is because it was meant to be.'" <u>Burt v.</u>

<u>Titlow</u>, 571 U.S. 12, 20 (2013) (quoting <u>Richter</u>, 562 U.S. at 102).

When a federal habeas petitioner challenges the reasonableness of the factual basis for a

state conviction, the AEDPA "requires federal habeas courts to presume the correctness of state

courts' factual findings unless applicants rebut this presumption with 'clear and convincing

evidence.'" <u>Schriro</u>, 550 U.S. at 473-74. Under the AEDPA standard, "[t]he focus of federal

court review is now on the state court decision that previously addressed the claims rather than

the petitioner's free-standing claims themselves." <u>McLee v. Angelone</u>, 967 F.Supp. 152, 156

(E.D. Va. 1997), <u>appeal dismissed</u>, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

In Claim 3 of this petition, Turner contends that the evidence was insufficient to sustain

the convictions. When Turner made this same argument on direct appeal, the Court of Appeals

of Virginia announced the following factual findings and legal determinations:

> [As officers of the Alexandria Police Department were executing a
> search warrant at Turner's home], Turner was near the rear
> basement door of the house as he began to run through the back
> yard. ... Turner was wearing sweat pants, a t-shirt and socks, but
> no shoes. Detective Gordon directed Turner to stop and when
> Turner refused, Detective Gordon tackled him to the ground and
> secured him in handcuffs. As Turner was tackled, both Detective
> East and Detective Lion observed a rock of crack cocaine wrapped
> in plastic fall from Turner's hand. Subsequent testing revealed the
> substance tested positive for the presence of cocaine base.
>
> During Detective Gordon's search of the basement, he discovered a
> "box of plastic sandwich bags" in the "top right dresser drawer"
> and a few pieces of mail addressed to Turner on top of the same
> dresser. Detective Lion also discovered a safe that was "at the foot
> of the bed and behind some boxes." Detective Lion pried open the
> safe with a knife and discovered one plastic shopping bag with

nine larger chunks of cocaine and a sandwich bag containing 144 individually wrapped rocks of cocaine. The nine larger chunks of cocaine weighed 280.1 grams, and the 144 individually wrapped rocks weighed 136.0 grams. Detective Lion also found a digital scale on a shelf in the adjoining laundry room.

* * *

Turner's third assignment of error claims that the circuit court also erred in finding sufficient evidence to support his conviction for possessing the narcotics found in the safe. Turner claims the circuit court unreasonably rejected his hypothesis of innocence that the cocaine belonged to either Kirk Cross or some other person who had access to the residence.

When the sufficiency of the evidence is challenged on appeal, "[t]his Court 'must examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)). The relevant inquiry is whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 44, 447 (2003) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it. Crumble v. Commonwealth, 2 Va. App. 231, 233, 343 S.E.2d 359, 361 (1986). This Court's deference to the fact finder "applies not only to findings of fact, but also to any reasonable and justified inferences the fact-finder may have drawn from the facts proved." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63-34 [sic] (2010).

In this case, the circuit court rejected Turner's theory of innocence. In doing so, the circuit court found that the evidence established that Turner was aware of the presence of cocaine and had sought to hide it in the basement. This finding is supported by ample evidence in the record including: the fact that Turner had fled with no shoes from the basement exit of the house at the time the police executed the search warrant, the presence of Turner's mail and personal papers in the basement near the location of the drugs, and the quantity of cocaine on his person that was packaged the same

way as the cocaine found in the safe in the basement. Moreover,
the circuit court found that there was no evidence that Turner used
cocaine, but substantial evidence that Turner sold cocaine.
Specifically, Turner had been convicted of selling cocaine on three
previous occasions and confidential informants had provided
detectives with evidence linking Turner to the sale of cocaine in
Alexandria, Virginia. Additionally, Detective Dave Cutting
testified at trial as an expert in the sale, manufacture and use of
cocaine and opined that possessing such a large quantity of cocaine
base was inconsistent with personal use. Finally, the circuit court
rejected Turner's theory that the drugs belonged to Mr. Cross
because at the time of the search, Mr. Cross was sitting in the
living room with his hands up, did not attempt to flee, and did not
have any drugs on his person. Concluding there is ample evidence
in the record to support the circuit court's findings, we affirm
Turner's convictions.

Turner v. Commonwealth, 65 Va. App. at 320, 330-33, 777 S.E.2d at 573, 578-79. Because the

foregoing determination was the last reasoned state court decision on the claim at issue, its

reasoning is imputed to the Supreme Court of Virginia, which refused further review without

explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

On federal habeas review, the standard for a claim challenging the sufficiency of the

evidence supporting a state conviction is "whether, after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis

original). The federal court is required to give deference to findings of fact made by the state

courts, and this presumption of correctness applies to facts found by both trial and appellate

courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v.

Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992)

for the holding that a federal habeas court is prohibited from either "consider[ing] anew the

jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead,

10

the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons expressed in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Turner guilty of possession of narcotics. See Jackson, 443 U.S. at 319. Accordingly, the state courts' denial of relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, the same result is compelled here. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice by an appropriate Order to be issued with this Memorandum Opinion.

Entered this _13th_ day of _November_ 2018.


Alexandria, Virginia

_____ /s/ _____

Leonie M. Brinkema
United States District Judge